PEOPLE *v.* GROSS.

RAPE—NONJURY CASE—SUFFICIENCY OF EVIDENCE.
  In prosecution for rape of a 19-year-old woman wherein de-
    fendant admitted intercourse but claimed it was without pro-
    test upon part of prosecuting witness, since trial judge had
    view of the parties when they gave their testimony and his
    judgment was fully supported by her testimony showing de-
    fendant had forced her into his car, drove her into the country,
    raped her and that she had made immediate complaint at
    home and to police department of what had happened, the
    Supreme Court may not make a different finding (Act No. 328,
    § 520, Pub. Acts 1931).

Appeal from St. Clair; George (Fred W.), J.
Submitted October 14, 1943. (Docket No. 88, Calen-
dar No. 42,110.) Decided November 29, 1943.

Peter Gross was convicted of rape. Affirmed.

*Octavio P. Guerra* and *David A. Fitzgibbon,* for
appellant.

*Herbert J. Rushton,* Attorney General, *Fred W.
George, Jr.,* Prosecuting Attorney, and *Eugene
Bergsman,* Assistant Prosecuting Attorney, for the
people.

WIEST, J. An information in the circuit court for
the county of St. Clair charged defendant with rape
of a 19-year old woman.* Defendant waived trial

* See Act No. 328, § 520, Pub. Acts 1931 (Comp. Laws Supp. 1940,
§ 17115–520, Stat. Ann. § 28.788).—REPORTER.

by jury, was tried before the court, found guilty and sentenced. He prosecutes review by appeal, claiming the evidence failed to show the crime of rape.

At the midnight hour of September 19, 1941, the young woman was walking on the street in Port Huron and claims that defendant stopped his automobile, twisted her arms, pushed her in the car, locked the doors, then drove about eight miles out in the country, to a byroad and back of a schoolhouse, where he had sexual intercourse with her against her struggles and screams. Defendant admitted driving to the place mentioned, but claims that the young woman willingly entered his automobile and made no protest or struggle when he had sexual intercourse with her. Defendant is married and his wife, he claimed, was then pregnant.

The trial judge had view of the young woman and the defendant when they gave their testimony. His judgment was fully supported by the testimony of the young woman and we may not make a different finding.

When defendant returned the young woman to her home she immediately made complaint of what had happened. She was taken to the police department and there related what she claimed had happened.

The trial judge heard the evidence of the young woman and defendant and we find no reason for disturbing his judgment of conviction. The conviction is affirmed.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.